**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**SAM WEST LEE**                                                                                  **PLAINTIFF**

**v.**                                                    **No. 1:11CV61-A-A**

**OKTIBBEHA COUNTY SHERIFF'S
DEPARTMENT, ET AL.**                                                        **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Sam West Lee, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff claims that he was wrongfully found guilty of a jail rule violation and that the defendants violated his civil rights in several other ways. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

At about noon on February 12, 2010, jail guards awakened Lee in a startling and unpleasant manner, removed the blanket he had used to block the light (and the guards' view – a security risk and rule violation), and flushed the food he had saved (purportedly for an unspecified religious observance) down the toilet. Lee objected to this treatment by the guards by cursing them out (another rule violation).[1] The guards then accused Lee of threatening to cut them with a shank, an allegation Lee denies (but, if true, another rule violation). This allegation led to further unpleasant treatment (a strip-search in the lockdown cell, for which Lee cursed out

---

[1] Lee believes that the guards had "an attitude" and should not have treated him, a grown man, as a child. He also believes that the brusque actions of the jailors amounted to "abusing [their] authority."

the guards and prison staff again – and tore up the rule violation paperwork on the spot (two more rule violations).  As a result of the allegation that Lee brandished a shank, he was punished by placement in lockdown for thirty days – and on canteen, visitation, and mail restriction for fifteen days.  Lee later heard that one of the guards quit his job at the jail because he refused to sign a statement corroborating the other guards' version of events.  A search of the jail did not turn up a shank.

## Due Process Under *Sandin*

Lee claims that the actions of the defendants violated his right to due process.  However, the punishment imposed was not severe enough to warrant protection by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted).  In the *Sandin* case, the discipline administered the prisoner was confinement in isolation.  Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974).  *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir.

2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, Lee faced only placement in lockdown for thirty days – and on canteen, visitation, and mail restriction for fifteen days, less than the restrictions imposed in the *Sandin* case. As such, the punishment did not rise to the level of an "atypical, significant deprivation in which a State might conceivably create a liberty interest," *Sandin, supra*, and the defendants did not violate Lee's right to due process by imposing such punishment. As such, the plaintiff's allegation that the defendants violated his right to due process will be dismissed for failure to state a claim upon which relief could be granted.

## Verbal Abuse

Lee also alleges that the defendants verbally abused him by scolding him and giving him a rude awakening. Verbal abuse by a prison guard does not, however, give rise to a cause of action under § 1983. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191(5th Cir. 1997). This allegation will likewise be dismissed for failure to state a constitutional claim.

## Racial Discrimination

Lee briefly mentions racial animus (essentially an equal protection claim) as a motivating factor for his treatment; he was particularly upset by the strip-search. "The Equal Protection Clause directs that all persons similarly circumstanced shall be treated alike; it does not require classes of people different in fact or opinion to be treated in law as though they were the same." *Cunningham v. Beavers*, 858 F.2d 269 (5th Cir. 1988). Lee has not alleged that any of the jailors used so much as a racial epithet. The only fact Lee alleges to support his theory that his

3

treatment and punishment arose out of racial animus was that he and the guards were of different races. He has not alleged that someone of another race, similarly situated, received better treatment. Therefore, this allegation is not sufficient to support a claim of racial discrimination.[2] As such, this allegation will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

## Mail Tampering

To the extent that Lee seeks redress for the jail's decision to restrict his incoming and outgoing mail; such punishment, if limited to correct and deter the behavior alleged, is permissible. *Daigre v. Maggio*, 719 F2d 1310, 1313 (5th Cir 1983). Given the seriousness of the allegation against the plaintiff, the current limitation was a reasonable one in this case, and thus does not rise to the level of a constitutional violation. This allegation will be dismissed with prejudice for failure to state a constitutional claim.

## Violation of the Right to the Free Exercise of Religion

Lee also claims that the jail guards violated his First Amendment right to the free exercise of his religion. He alleges that the religious observance at issue was fasting during daylight hours. He did not allege, however, that the guards prevented his fast during the day – only his ability to save food from one of his meals to eat in the evening after his fast was complete. As such, the guards did not actually interfere with Taylor's fast. Also, his allegations cover only the day of the incident. A single occurrence like this one, which did not even interfere with the plaintiff's fast, simply does not rise to the level of a First Amendment violation.

---

[2] As Lee was accused of a serious infraction (possessing a shank and threatening to use it), a strip-search is normally the next step – and a rational one – even if the accusations may well be false. It is a "better safe than sorry" policy which the court will not second-guess.

### Retaliation

It appears that Lee has alleged that the defendants retaliated against him by chastising him and conducting the strip-search. A retaliation claim, however, requires that Lee show that he was punished *for the exercise of a constitutional right*. Retaliation claims have a much lower threshold regarding the severity of punishment than do due process claims under *Sandin*. It takes far less punishment to trigger a retaliation claim than to trigger a claim of Due Process; the punishment need only be sufficient to cause a person of average fortitude to forego the exercise of a constitutional right. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006). Given the facts set forth above, Lee did not exercise *any* constitutional right for which the guards retaliated against him. Lee has not alleged that the guards objected to his fasting, only his actions. Lee does not enjoy a constitutional right to: (1) cover his bunk with a blanket; (2) curse at the guards;(3) tear up rule violation paperwork, (4) or be treated like an adult. As Lee has not alleged that he was punished for exercising a constitutional right, he has not stated a claim for retaliation. This allegation will also be dismissed for failure to state a constitutional claim.

In sum, the instant case will be dismissed with prejudice for failure to state a constitutional claim. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 25th day of October, 2011.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**